UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK SCOTT BAKER, et al.,<br><br>     Petitioners,<br><br>-against-<br><br>NATIONAL BANK OF EGYPT; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A., CITIBANK, N.A.; THE BANK OF NEW YORK MELLON; INTESA SANPAOLO SPA; and COMMERZBANK AG,<br><br>     Respondents. | No. 12-cv-7698 (ALC) |

## RESPONDENT COMMERZBANK AG'S ANSWER TO
## THE FIRST AMENDED PETITION FOR TURNOVER

Respondent Commerzbank AG ("COBA"), by its attorneys, Gibbons P.C., for its answer to the First Amended Petition for Turnover Pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225 and 5227 (the "Amended Petition") of Patrick Scott Baker, et al. (the "Baker Petitioners"), hereby states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 1, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 2, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

3. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 3, except admits that COBA maintains a branch and does

business in New York, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 4, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 6, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 8, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 9, except admits that the United States Marshal served a writ of execution upon COBA on or about January 31, 2012 bearing docket number 1:11-mc-00434-P1. In addition, paragraph 9 contains redacted allegations for which no answer is possible.

10. Paragraph 10 contains redacted allegations for which no answer is possible.

11. Paragraph 11 contains redacted allegations for which no answer is possible.

12. Paragraph 12 contains redacted allegations for which no answer is possible.

13. Paragraph 13 contains redacted allegations for which no answer is possible.

14. Denies the factual allegations of paragraph 14, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required. In addition, paragraph 14 contains redacted allegations for which no answer is possible.

15. Denies the allegations of paragraph 15, except admits that the Baker Petitioners served a subpoena upon COBA on or about March 16, 2012 (the "Subpoena") and that COBA responded to the Subpoena, and states that the Subpoena speaks for itself and refers to it for its contents.

16. Paragraph 16 contains redacted allegations for which no answer is possible.

17. Paragraph 17 contains redacted allegations for which no answer is possible.

18. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 18. In addition, paragraph 18 contains redacted allegations for which no answer is possible.

19. Paragraph 19 contains redacted allegations for which no answer is possible.

20. Paragraph 20 contains redacted allegations for which no answer is possible.

21. Paragraph 21 contains redacted allegations for which no answer is possible.

22. Paragraph 22 contains redacted allegations for which no answer is possible.

23. Paragraph 23 contains redacted allegations for which no answer is possible.

24. Paragraph 24 contains redacted allegations for which no answer is possible.

25. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 25. In addition, paragraph 25 contains redacted allegations for which no answer is possible.

26. Paragraph 26 contains redacted allegations for which no answer is possible.

27. Paragraph 27 contains redacted allegations for which no answer is possible.

28. Paragraph 28 contains redacted allegations for which no answer is possible.

29. Paragraph 29 contains redacted allegations for which no answer is possible.

30. Paragraph 30 contains redacted allegations for which no answer is possible.

31. Paragraph 31 contains redacted allegations for which no answer is possible.

32. Paragraph 32 contains redacted allegations for which no answer is possible.

33. Paragraph 33 contains redacted allegations for which no answer is possible.

34. Paragraph 34 contains redacted allegations for which no answer is possible.

35. Paragraph 35 contains redacted allegations for which no answer is possible.

36. Paragraph 36 contains redacted allegations for which no answer is possible.

37. Paragraph 37 contains redacted allegations for which no answer is possible.

38. Paragraph 38 contains redacted allegations for which no answer is possible.

39. Admits the allegations of paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 40, except admits that COBA responded to the Subpoena on or about April 30, 2012 (the "Subpoena Response") and that counsel for COBA sent counsel for the Baker Petitioners an email on or about May 31, 2012 ("Complaint Exhibit V"), and states that the Subpoena Response and Complaint Exhibit V speak for themselves and refers to them for their contents.

41. Denies the factual allegations in paragraph 41, to the extent paragraph 41 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

42. Denies the factual allegations in paragraph 42, to the extent paragraph 42 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

43. Denies the factual allegations in paragraph 43, to the extent paragraph 43 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

44. Denies the factual allegations in paragraph 44, to the extent paragraph 44 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

45. Denies the factual allegations in paragraph 45, to the extent paragraph 45 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

46. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 46, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

47. Denies the factual allegations of paragraph 47 that COBA has made any admission other than that it holds assets that have been blocked pursuant to applicable Presidential Executive Orders and/or regulations promulgated by the Office of Foreign Asset Control ("OFAC") with respect to Syriatel Co. (the "COBA Blocked Assets"), denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 47, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

48. Denies the factual allegations of paragraph 48 concerning COBA, except admits that COBA holds the COBA Blocked Assets, denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 48, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required. In addition, paragraph 48 contains redacted allegations for which no answer is possible.

49. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 49. In addition, paragraph 49 contains redacted allegations for which no answer is possible.

50. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 50 and states that the remaining allegations contain legal assertions or conclusions for which no answer is required. In addition, paragraph 50 contains redacted allegations for which no answer is possible.

51. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 51, except admits that the assets that the COBA Blocked Assets are held by COBA in New York holds and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

52. Denies the factual allegations in paragraph 52, to the extent paragraph 52 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

53. Denies the factual allegations in paragraph 53, to the extent paragraph 53 contains any factual allegations, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

54. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 54, except states that COBA does not state any interest in or to the COBA Blocked Assets and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

55. Paragraph 55 contains redacted allegations for which no answer is possible.

## DEFENSES

### FIRST DEFENSE

COBA does not claim any ownership interest in or to the COBA Blocked Assets and, therefore, is entitled to an order (1) discharging it from any and all liability to the Baker Petitioners, other judgment creditors of Syria and its agencies or instrumentalities and any and all other claimants and interested persons with respect to the COBA Blocked Assets and (2) dismissing it from this action.

### SECOND DEFENSE

To the extent the Baker Petitioners are seeking turnover of the COBA Blocked Assets, it should be required to provide notice to all parties to the subject wire transfer that comprises the COBA Blocked Assets and all other claimants and interested persons with respect to the COBA Blocked Assets and provide proof to the Court that the Baker Petitioners' right to such funds is superior to all other claimants and interested persons.

### THIRD DEFENSE

Petitioners must establish as to any judgment entered on default that a copy was properly served on Syria in the manner required by Foreign Sovereign Immunities Act ("FSIA") § 1608(a) in order to comply with FSIA § 1608(e).

**FOURTH DEFENSE**

Petitioners must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of petitioners' Amended Petition For Turnover and the accompanying exhibits were properly served on Syria in the manner required by FSIA § 1608(a).

**FIFTH DEFENSE**

The COBA Blocked Assets consist entirely of the proceeds of a wire transfer that was routed through COBA as an intermediary bank or beneficiary's bank, but could not be completed because of applicable regulations promulgated and/or administered by OFAC, and so are being held in one or more blocked accounts at COBA. Therefore, COBA must receive clearance from OFAC in order to turnover the COBA Blocked Assets to petitioners or any other claimant or interested person.

**SIXTH DEFENSE**

Sections 1609 and 1610 of the FSIA limit petitioners to enforcing the Judgment against property in the United States.

WHEREFORE, having interposed this Answer to the First Amended Petition, COBA respectfully requests that this Court enter an order consistent with this Answer, and granting such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
January 24, 2013

        **GIBBONS P.C.**
        One Pennsylvania Plaza, 37th Floor
        New York, New York 10119
        Telephone: (212) 613-2000
        Facsimile: (212) 554-9670
        tmyers@gibbonslaw.com
        psaso@gibbonslaw.com

        /s/ Terry Myers
        Terry Myers
        Paul A. Saso

        *Attorneys for Respondent Commerzbank AG*