UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------- x

PATRICK SCOTT BAKER, et al.,

     Petitioners,

 - against -

NATIONAL BANK OF EGYPT; JPMORGAN
CHASE & CO.; CITIBANK, N.A.; THE BANK
OF NEW YORK MELLON; INTESA
SANPAOLO SPA; and COMMERZBANK AG,

     Respondents.

---------------------------------------------------------- x

No. 12-cv-7698 (ALC) (GWG)
ECF Case

**ANSWER OF CITIBANK, N.A
TO FIRST AMENDED
PETITION FOR TURNOVER**

**FILED UNDER SEAL**

Respondent/Garnishee Citibank, N.A., by its undersigned attorneys Davis Wright Tremaine LLP, submits this Answer to the First Amended Petition for Turnover, pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules §§ 5225, 5227, and alleges as follows:

## NATURE OF THE PROCEEDING

1. Admits that Petitioners Patrick Scott Baker et al. (the "Baker Petitioners" or "Petitioners") seek turnover from Citibank, N.A. ("Citibank") and its fellow Respondents, under Federal Rule of Civil Procedure 69(a) and N.Y. C.P.L.R. §§ 5225, 5227, of the proceeds of wire transfers and funds in deposit accounts blocked pursuant to Executive Orders issued by the President of the United States and/or regulations administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. States that the allegations contained in Paragraph 2 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank does not dispute that this Court has subject-matter jurisdiction over the Petition.

3. States that the allegations contained in Paragraph 3 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank does not dispute that this Court has personal jurisdiction over Citibank, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. States that the allegations contained in Paragraph 4 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank does not dispute that the Southern District of New York is a proper venue for adjudication of the Petition.

## FACTUAL AND PROCEDURAL HISTORY

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5, except states, on information and belief, that a judgment was entered on March 31, 2011 in the case entitled *Baker v. Socialist People's Libyan Arab Jamahirya, et al.*, Case No. 03-CV-749 (JMF) (D.D.C.), against judgment debtor the Syrian Arab Republic and in favor of the Baker Petitioners in the amount of $601,969,151.50 (the "Baker Judgment"), and respectfully refers the Court to the Baker Judgment for a true and complete recitation of the contents thereof.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and respectfully refers the Court to the September 1, 2011 Order and 28 U.S.C. § 1610(c) for a true and complete recitation of the contents thereof.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and respectfully refers the Court to the November 23, 2011 Protective Order for a true and complete recitation of the contents thereof.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and respectfully refers the Court to the cited registration, motion, and order for a true and complete recitation of the contents thereof.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except admits that a writ of execution issued by the United States District Court for the Southern District of New York was sent to Citibank by the United States Marshals Service, Southern District of New York, on or about January 27, 2012, and respectfully refers the Court to the writ of execution for a true and complete recitation of the contents thereof.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Admits the allegations contained in Paragraph 12.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except admits that the Baker Petitioners served Citibank with an information subpoena dated April 19, 2012, which asked for the information quoted in Paragraph

15, and Citibank served on the Baker Petitioners its responses and objections to the information subpoena (Exhibit K to the Petition) on June 8, 2012.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Admits the allegations contained in Paragraph 29.

30. Admits the allegations contained in Paragraph 30, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that **REDACTED** is wholly-owned by the Syrian government.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

## CLAIM FOR RELIEF: TURNOVER

41. States that the allegations contained in Paragraph 41 constitute legal conclusions as to which no response is required.

42. States that the allegations contained in Paragraph 42 constitute legal conclusions as to which no response is required.

43. States that the allegations contained in Paragraph 43 constitute legal conclusions as to which no response is required.

44. States that the allegations contained in Paragraph 44 constitute legal conclusions as to which no response is required.

45. States that the allegations contained in Paragraph 45 constitute legal conclusions as to which no response is required.

46. States that the allegations contained in Paragraph 46 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

47. States that the allegations contained in Paragraph 47 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank admits that

the blocked assets held by Citibank were blocked pursuant to OFAC sanctions regulations pertaining to Syria and/or Executive Order 13582 and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

48. States that the allegations contained in Paragraph 48 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. States that the allegations contained in Paragraph 50 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

51. States that the allegations contained in Paragraph 51 constitute legal conclusions as to which no response is required.

52. States that the allegations contained in Paragraph 52 constitute legal conclusions as to which no response is required.

53. States that the allegations contained in Paragraph 53 constitute legal conclusions as to which no response is required.

54. States that the allegations contained in Paragraph 54 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

55. States that the allegations in Paragraph 55 constitute legal conclusions as to which no response is required. To the extent a response is required, Citibank denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## PRAYER FOR RELIEF

In response to the prayer for relief, Citibank states that, as a neutral stakeholder, it has no objection to the granting of any relief that the Court determines is appropriate, provided that (a) Petitioners demonstrate and the Court finds that any blocked funds turned over to Petitioners are assets that are subject to turnover; (b) the Court determines that Petitioners are entitled to execute the judgment they have obtained against such blocked assets under applicable law; (c) the rights of third parties who may have a claim to the funds are respected, including by being given appropriate notice of the proceedings; and (d) Citibank is protected from the risk of liability to any third parties who may have a claim to the funds.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Baker Petitioners, Citibank asserts the following affirmative defenses and objections in point of law with respect to the First Amended Petition. Citibank incorporates its responses to paragraphs 1 through 55 as though fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE/OBJECTION

Persons other than the Syrian Arab Republic, Syrian Air Force Intelligence, and General Muhammed Al-Khuli (collectively "Syria") or Syria's agencies or instrumentalities, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in wire transfers that were blocked pursuant to Executive Order and/or regulations administered by OFAC for which Citibank is holding the proceeds, other holders of final judgments against Syria or its agencies and instrumentalities, and plaintiffs in other actions with claims against Syria or its agencies or instrumentalities who have served notices of restraint or attachment, may have claims to or interests or rights in part or all of the funds and assets held by Citibank that are the subject of the First Amended Petition (the

"Citibank Blocked Assets") that may be superior to the rights of the Baker Petitioners, if any, to have execution against the Citibank Blocked Assets to satisfy the Baker Judgment.

## SECOND AFFIRMATIVE DEFENSE/OBJECTION

Persons other than the Baker Petitioners, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in blocked wire transfers for which Citibank is holding the proceeds, Syria, persons alleged to be agencies or instrumentalities of Syria, other holders of final judgments against Syria or its agencies and instrumentalities, and plaintiffs in other actions with claims against Syria or its agencies or instrumentalities who have served notices of restraint or attachment, may be required or indispensable parties to this proceeding under Federal Rule of Civil Procedure 19 or applicable provisions of state law, may be properly subject to interpleader under Federal Rule of Civil Procedure 22, and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights. Citibank reserves the right to interplead such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Citibank Blocked Assets.

## THIRD AFFIRMATIVE DEFENSE/OBJECTION

Under current regulations, Citibank is prohibited from transferring the proceeds of previously blocked wire transfers or funds in deposit accounts that have been blocked except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201(a) or FSIA § 1610(g), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder. *See* 31 C.F.R. § 542.202(e) (2011) ("Except to the extent otherwise provided by law or unless licensed pursuant to this part, any attachment, judgment, decree, lien, execution, garnishment, or other judicial

process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property or interests in property are blocked pursuant to § 542.201(a)."). Citibank therefore seeks a determination from the Court that the Baker Petitioners can satisfy their judgment against Syria by attaching and obtaining turnover of part or all of the Citibank Blocked Assets.

## FOURTH AFFIRMATIVE DEFENSE/OBJECTION

The Citibank Blocked Assets sought by the Baker Petitioners include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order and/or regulations administered by OFAC. Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turnover. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010). *See also Calderon-Cardona v. J.P.Morgan Chase Bank, N.A.*, 12-1264(L); 12-1272 (2d Cir. pending).

## FIFTH AFFIRMATIVE DEFENSE/OBJECTION

Petitioners can execute on assets in the possession or custody of Citibank pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

## SIXTH AFFIRMATIVE DEFENSE/OBJECTION

Petitioners can execute on property in the possession or custody of Citibank pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA §

1610(g), including the requirement that the property, debt or asset to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

## SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

Even if the Assets are subject to execution under TRIA § 201 and/or FSIA § 1610, a proceeding for turnover must comply with N.Y. C.P.L.R. §§ 5525 and/or 5527, as required by Federal Rule of Civil Procedure 69. In order to establish their entitlement to relief under N.Y. C.P.L.R. §§ 5525 and/or 5527, Petitioners bear the burden of establishing that the money, property, or debt in question is owned by or owed to Syria or one of its agencies or instrumentalities. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900, 2011 WL 812032, at *19 (S.D.N.Y. Mar. 4, 2011) ("While these blocked assets are susceptible to attachment, the [petitioners'] motion for turnover must comply with N.Y. CPLR § 5225(b), as required by Fed. R. Civ. P. 69. If the evidence presented is sufficient to demonstrate that the entities whose assets have been blocked are agencies and instrumentalities of Iran, and are entitled to the possession of these funds, but for the blocked nature of the accounts, these assets may be used to satisfy the judgments."); *Cont'l Commerce Corp. v. York Plastic Prods. Corp.*, 273 N.Y.S.2d 278, 280 (N.Y. Sup. Ct. 1963) ("Since movant has failed to produce proof to satisfy the court that the said third party is indebted to the judgment creditor, the motion is denied.").

## EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

To comply with N.Y. C.P.L.R. §§ 5525, 5527 and Federal Rule of Civil Procedure 69, Petitioners must meet their burden of proof that a copy of the First Amended Petition has been served on Syria, and on any agency or instrumentality of Syria that has an interest in or rights in the property, debts, or assets that are the subject of the Petition, in the manner require by FSIA §

1608. *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

## NINTH AFFIRMATIVE DEFENSE/OBJECTION

Petitioners must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on Citibank and authorize the Baker Petitioners to execute on the assets that are the subject of their writ. *See, e.g., Levin*, 2011 WL 812032, at *7-11; *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1) determining Citibank's rights and the rights of the Baker Petitioners and of all third parties to be joined in this action to the Citibank Blocked Assets;

(2) determining that any service made by Citibank and/or the Baker Petitioners of any third-party complaint, third-party summons, and other relevant documents on Syria and/or its agencies or instrumentalities constitutes good and sufficient service under N.Y. C.P.L.R. § 5239, the FSIA, and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Baker Petitioners or the Citibank Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent each of the Citibank Blocked Assets is subject to execution to satisfy the Baker Judgment;

(5) discharging Citibank from any and all liability to the Baker Petitioners, and any other persons who may have claims to, or an interest in, any Citibank Blocked Assets that are turned over to the Baker Petitioners or any other third-party defendant to satisfy the Baker Judgment or any other judgment against Syria, including but not limited to any and all parties in

this action, or any of their agents or instrumentalities, in accordance with N.Y. C.P.L.R. §§ 5209 and 6204 as well as in interpleader pursuant to Federal Rule of Civil Procedure 22;

(6) restraining and enjoining all parties to this action, or any of their agents, agencies, or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Citibank Blocked Assets;

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
January 31, 2013

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *Sharon Schneier*

Sharon L. Schneier
sharonschneier@dwt.com
Samuel M. Bayard
samuelbayard@dwt.com

1633 Broadway 27th floor
New York, New York 10019
(212) 489-8230

*Attorneys for Respondent/Garnishee Citibank, N.A.*