Ira G. Greenberg
Zachary W. Silverman
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
212.308.4411
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
PATRICK SCOTT BAKER, et al.    :   No. 12-cv-7698 (ALC)
              Petitioners,    :
   -versus-    :
NATIONAL BANK OF EGYPT; JPMORGAN  :   **DECLARATION OF MICHAEL**
CHASE & CO.; JPMORGAN CHASE BANK,  :   **DOCKTERMAN IN SUPPORT OF**
N.A. CITIBANK, N.A.; THE BANK OF NEW  :   **BAKER PETITIONERS' UNOPPOSED**
YORK MELLON; INTESA SANPAOLO SPA;  :   **MOTION FOR TURNOVER DIRECTED**
and COMMERZBANK AG,    :   **TO NATIONAL BANK OF EGYPT**
              Respondents.    :
----------------------------------------- X

I, MICHAEL DOCKTERMAN, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to practice in the state of Illinois and admitted pro hac vice before this Court, and I am a partner in the firm of Edwards Wildman Palmer LLP, which represents plaintiffs Patrick Scott Baker; Jerry Baker; Lois Baker; Craig Baker, individually and as the personal representative of the Estate of David Baker; Stacie Baker; Patricia A. Henry, individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogencamp, and as the executrix of the Estate of Hetty E. Peterson; Valerie Peterson, as executor of the Estate of Vernon W. Peterson; Katharine D. Doris; Paul G. Peterson; Michelle Y. Holbrook; Jackie Nink Pflug; Rylma Nink; Eugene Nink; Gloria Nink; Mary Nink; and Scott Pflug (collectively the "Baker Plaintiffs"). I submit this declaration in support of the

Baker Plaintiffs' Motion for Turnover of Assets directed to National Bank of Egypt, New York Branch pursuant to Fed. R. Civ. P. 69(a) and CPLR 5225 & 5227. The motion, I am advised, will not be opposed subject to the certain conditions agreed upon by the parties.

2. The Baker Plaintiffs seek to file this Declaration, and the related Motion and Memorandum of Law, under seal pursuant to a Protective Order entered by the United States District Court for the District of Columbia, which this Court has acknowledged as being effective in this action. (Docket No. 2). The Baker Plaintiffs also file under seal pursuant to various confidentiality agreements with the third-party respondents. As such, the Baker Plaintiffs will file a redacted versions electronically.

3. Annexed hereto as **Exhibit A** are true and correct copies of USM-285 forms issued by the United States Department of Justice, United States Marshals Service, dated January 17, 2012, memorializing service of a writ of execution on six banks.

4. Annexed hereto as **Exhibit B** is a true and correct copy of a memorandum dated February 10, 2012 from William F. Connell to Ms. J Goodson, PMS, U.S. Marshal's Office regarding the writ of execution served in this matter on behalf of the National Bank of Egypt, New York Branch.

5. Annexed hereto as **Exhibit C** is a true and correct copy of the schedule attached to the information subpoenas served by the Baker Plaintiffs on various banks in this action.

6. Annexed hereto as **Exhibit D** is a true and correct copy of a letter from Eva Errico to Ira G. Greenberg and Zachary W. Silverman, dated April 4, 2012, regarding the National Bank of Egypt, New York Branch's response to the Baker Plaintiffs' information subpoena.

7. Annexed hereto as **Exhibit E** is a true and correct copy of a letter from William F. Connell to Megan Freismuth, dated April 13, 2012, regarding the National Bank of Egypt, New

York Branch's supplemental response to the Baker Plaintiffs' information subpoena. On April 4, 2012, in Exhibit D, counsel for the National Bank of Egypt, New York Branch stated that it was ███████████████ which funds ███████████████ ███████████████ On April 13, 2012, in Exhibit E, counsel for National Bank of Egypt, New York Branch sent a letter clarifying the bank's subpoena response, specifically noting that ███████████████ ███████████████ and that the ███████████████ ███████████████ Counsel also said that the ███████████████ ███████████████ Id.[1]

8. Annexed hereto as **Exhibit F** is a true and correct copy of a press release from the Office of Foreign Assets Control ("OFAC"), dated ███████████, regarding ███████████ ███████████████

9. Annexed hereto as **Exhibit G** is a true and correct copy of an excerpt from the OFAC website regarding the SDN List.

10. Annexed hereto as **Exhibit H** is a true and correct copy of relevant excerpts from the SDN List.

11. A competing group of judgment creditors also has initiated proceedings against certain banks, including some of the Respondents, in the United States District Court for the Northern District of Illinois. I know that this competing group of judgment creditors of Syria,

---

[1] I am advised that the subject Time Deposit includes two categories of funds. The amount of ███████ is subject to a separate dispute between the National Bank of Egypt, New York Branch and ███████████████, which dispute has been addressed to OFAC, and is not subject to this Turnover Motion. The remaining amount in the Time Deposit of ███████████ is held for ███ ███████████████, and is the subject of this Turnover Motion.

3

known as the "Gates Parties,"[2] is on notice of this action because I have personally spoken with their counsel and advised him that the Baker Petitioners are proceeding in this action. The Gates Parties have chosen not to appear in this proceeding.

Dated: New York, NY
       October 31, 2013

                                            MICHAEL DOCKTERMAN

---

[2] The "Gates Parties" are Francis Gates, individually and as Administrator of the Estates of Olin Eugene "Jack" Armstrong, Pati Hensley, and Jan Smith. The Gates Parties similarly obtained a judgment against Syria in the United States District Court for the District of Columbia. Although the Gates Parties also registered their judgment in the Southern District of New York, they neither sought nor obtained an order under § 1610(c) from this Court, and they have not initiated any post-judgment enforcement proceedings in this judicial district.