Daniels, G.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 08 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
PATRICK SCOTT BAKER, et al.

                Petitioners,

-versus-

NATIONAL BANK OF EGYPT, et al.

                Respondents.

------------------------------------ X

Case No. 12-cv-7698 (GBD)

█████ **ORDER**

     WHEREAS petitioners Patrick Scott Baker; Jerry Baker; Lois Baker; Craig Baker, individually and as the personal representative of the Estate of David Baker; Stacie Baker; Patricia A. Henry, individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogencamp, and as the executrix of the Estate of Hetty E. Peterson; Valerie Peterson, as executor of the Estate of Vernon W. Peterson; Katharine D. Doris; Paul G. Peterson; Michelle Y. Holbrook; Jackie Nink Pflug; Rylma Nink; Eugene Nink; Gloria Nink; Mary Nink; and Scott Pflug have commenced this proceeding by filing a Petition for Turnover on October 15, 2012, and thereafter filed an Amended Petition on January 11, 2013, and

     WHEREAS Petitioners now seek turnover of funds held by respondent Commerzbank AG blocked under applicable Presidential executive orders and/or federal regulations,

     Upon its review of the record, the Court makes the following findings of fact:

     1.     The Petitioners have recovered a judgment in the amount of $601,969,151.50 (the "Judgment") against the Syrian Arab Republic ("Syria"), Syrian Air Force Intelligence, and General Muhammed Al-Khuli in an action filed in the United States District Court for the

District of Columbia, styled <u>Patrick Scott Baker, et al. v. Syrian Arab Republic, et al.</u>, Case No. 03-cv-00749.

2. The Judgment was entered under the "terrorism exception," 28 U.S.C. § 1605A, of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA").

3. To date, the Judgment remains unsatisfied.

4. On September 1, 2011, the United States District Court for the District of Columbia entered an Order in the underlying case pursuant to 28 U.S.C. § 1610(c) authorizing enforcement of the Judgment against Syria in that judicial district.

5. On December 19, 2011, the Petitioners registered their Judgment with the United States District Court for the Southern District of New York in <u>Patrick Scott Baker, et al. v. Great Socialist People's Libyan Arab Jamahiriya</u>, Case No. 11-mc-00434 (S.D.N.Y.) (Docket No. 1).

6. On January 10, 2012, that Court entered an Order pursuant to 28 U.S.C. § 1610(c) authorizing enforcement of the Judgment in this judicial district. Case No. 11-mc-00434 (S.D.N.Y.) (Docket No. 2).

7. Thereafter, the Petitioners enlisted the United States Marshals to serve writs of execution on the Respondents, and, on January 17, 2012, the United States Marshals effected service of the Petitioners' writs of execution on, inter alia, respondent Commerzbank AG.

8. Petitioners subsequently served information subpoenas on the Respondents, including Commerzbank, in an effort to learn what types of assets they held in the name of, or for the benefit of, Syria or any of its agencies or instrumentalities.

9. Commerzbank has a branch in New York County, New York, and it does business there.

10. Commerzbank responded to the Petitioners' information subpoena on April 30, 2012, stating that it has "█████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████"

11. According to OFAC, █████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████ and through this relationship, according to OFAC,

███████████████████████████████████████████████" and ████████ assets were blocked pursuant to Executive Order ██████, resulting in his being placed on the SDN List.

12. As a result of ████████ ownership interest in ████████ and pursuant to that Executive Order, ████████ itself appears on the SDN List; so that ████████████ is an "agency and/or instrumentality of a foreign state" – Syria – as that term is defined in FSIA § 1602(b), and therefore an "agency or instrumentality" of Syria under FSIA § 1610(g) and section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322, codified as a note to 28 U.S.C. § 1610 ("TRIA").

13. Based upon the declaration of Petitioners' counsel, Michael Dockterman, verifying the documents described above, the Court finds that the funds identified by Commerzbank are blocked assets of an agency or instrumentality of Syria, that are subject to execution to satisfy the Petitioners' judgment under FSIA § 1610(g) and TRIA § 201.

14. The Court further finds that this action has been pending since October 15, 2012 on the public docket of this Court and that, combined with the findings of this Court on January

10, 2012 and the United States District Court for the District of Columbia on September 1, 2011 pursuant to 28 U.S.C. § 1610(c), sufficient time has passed for any other interested parties in the funds to appear in this Court to oppose the Petitioners' writs of execution but no parties have done so.

Based on the foregoing, it is therefore ORDERED as follows:

1. The Petitioners are entitled to the entry of a turnover order directing Commerzbank AG to turn over the funds identified in its Responses and Objections to Petitioners' information subpoena, dated April 30, 2012;

2. Commerzbank shall transfer all of the funds identified in its Responses and Objections to Petitioners' information subpoena, dated April 30, 2012, plus any interest accrued thereon, to Petitioners within ten (10) business days of Petitioners' counsel providing written notice to Commerzbank's counsel that the Second Circuit Court of Appeals has decided the coordinated appeals in the cases Calderon-Cardona, et al. v. JPMorgan Chase Bank, N.A., et al., Docket No. 12-75, and Hausler v. JPMorgan Chase Bank, N.A., et al., Docket Nos. 12-1264 and 12-1272, and subject to Commerzbank's making any application to this Court for relief from this Order within the same time period based on the ruling from the Second Circuit in the above-referenced appeals;

3. This Order supersedes and overrides any provisions of 31 C.F.R. Part 542 or any other OFAC Regulations or Presidential Executive Orders that purport to require Commerzbank AG to hold the funds in the blocked accounts, or any other funds being turned over to the Petitioners pursuant to the provisions of this Order, in a blocked account or to prohibit the payment of those funds to the Petitioners in

4

satisfaction of their Judgment; see, e.g., Weininger v. Castro, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) ("[i]n the event the Court determines that the funds are subject to TRIA, the funds may be distributed without a license from [OFAC]"); and

4. Petitioners and respondent Commerzbank AG are hereby discharged and released from any and all liability or obligation to any person or entity with respect to the funds subject to this Order, and any claims of any such persons with respect to the funds subject to this Order are hereby dismissed with prejudice.

5. The Court retains jurisdiction over Commerzbank AG solely for purposes of enforcement of this Order, and Commerzbank AG is dismissed from this action for all other purposes.

Dated: NOV 08 2013

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge
HON. GEORGE B. DANIELS

AM 24258639.1

5