UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PATRICK SCOTT BAKER, et al.,

                Plaintiffs,

v.

NATIONAL BANK OF EGYPT, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ORDER</u>

12-cv-7698 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 06 2017

GEORGE B. DANIELS, District Judge:

On June 24, 2016, Plaintiff-Petitioners filed a motion for turnover of EFT (electronic funds transfer) assets that were blocked in accordance with Syrian sanctions regulations, 31 C.F.R. Part 452, administered by the U.S. Treasury Department's Office of Foreign Assets Control (ECF No. 425). Petitioners seek the turnover of these funds to help enforce their judgment against Syria. Respondents—the intermediary banks holding the blocked assets—oppose the instant motion (ECF No. 434).

The law in this Circuit is clear: a blocked wire transfer held by an intermediary bank is subject to execution as property of a judgment debtor, such as a Syria, "only where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT directly to the bank where the EFT is held pursuant to the block." *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014); *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014). "The only entity with a property interest in the stopped EFT is the entity that passed the EFT on to the bank where it presently rests." *Calderon-Cardona*, 770 F.3d at 1002. Petitioners concede that the entities that passed these EFTs on to the Respondent-

banks were not Syrian, nor any instrumentality of Syria. (*See* Reply Brief, ECF No. 440, at 4.) Petitioners also fail to show that any exception to this well-settled Second Circuit law applies. Accordingly, Petitioners' motion for turnover of blocked EFT assets is DENIED.

The Clerk of Court is instructed to close the motion at ECF No. 425.

Dated: March ___, 2017
New York, New York

MAR 08 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE